In re Charles Andrew EBERLE, Jr., etc. (Related Case No. 80–00049), Debtor.

Quentin M. DERRYBERRY II, Trustee, Plaintiff,

v.

DULL LUMBER SUPPLY INC. et al., Defendants.

Bankruptcy No. 80–0087.

United States Bankruptcy Court, N. D. Ohio, W. D.

June 26, 1980.

Quentin M. Derryberry II, Derryberry & Derryberry, Lima, Ohio, Trustee.

Stephen E. Keister, Koch, Koch & Keister, Van Wert, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court on a Complaint to sell filed by the Trustee and

an Application For Determination Of Secured Status filed by Creditor, Dull Lumber Co. Both parties have agreed that the Court may rule based upon the pleadings and the exhibits.

The question to be resolved is whether or not the security interest of Dull Lumber Co. is perfected pursuant to the statutes of Ohio, whereby they would share in any proceeds of sale of the items by the Trustee. The items sought to be sold are miscellaneous construction equipment used by the Debtor in his business. Copies of the security instruments filed by the Dull Lumber Co. as exhibits with their answer indicate that while the promissory note in the amount of One Thousand Nine Hundred Fifty–Six Dollars and Fifty–Eight cents ($1,956.58) was signed by Charles A. Eberle, Jr., the financing statement reflects that the property was owned by Charles A. Eberle, Jr. d/b/a E & E Builders and the security agreement is signed Charles A. Eberle, Jr., E & E Builders. It would therefore appear that this Debtor was engaged in a construction business at the time the security instruments were signed.

The proper Ohio Revised Code section which applies in this case is Section 1309.38 which basically states that a security interest given to a creditor by one engaged in business or by a business must be recorded in the Secretary of State's Office in Columbus and the County Recorder's Office in the county in which the place of business operates.

Since it appears from the Creditor's own exhibits that neither the financing statement nor the security agreement were filed in Columbus at the Secretary of State's Office, but only in the County Recorder's Office, it would appear that Dull Lumber Company has failed to perfect its secured status as required by the Ohio statutes. See *In re O'Brodo*, 36 OO 2d 170 (1966).

Accordingly, it is therefore ORDERED, ADJUDGED AND DECREED that the Complaint of the Trustee to sell is granted and that the Application For Determination Of Secured Status is granted in that the Dull Lumber Company is hereby found not to be a secured creditor as to the miscellaneous construction equipment.